IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

SHERRY W. DIXON                                                                                         PLAINTIFF

        v.                              Civil No. 2:12-cv-02082-JRM

CAROLYN W. COLVIN, Commissioner of
Social Security Administration[1]                                                                        DEFENDANT

## ORDER ON MOTION FOR ATTORNEY'S FEES

### I. Procedural History:

Plaintiff, Sherry W. Dixon, appealed the Commissioner's denial of benefits to this court. ECF No. 1. On April 15, 2013, judgment was entered remanding Plaintiff's case to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g). ECF No. 10. Plaintiff filed her First Motion for Attorney's Fees on May 2, 2013. ECF Nos. 11-12. The Commissioner filed a response on May 9, 2013, objecting to: (A) the timing of Plaintiff's motion, as the judgment had not yet become final; and (B) the hourly rate requested by Plaintiff's counsel. ECF No. 13. The judgment became final on June 14, 2013. Thereafter, on July 11, 2013, Plaintiff filed a Second Motion for Attorney's Fees, in which she requested a lower hourly fee rate. ECF No. 14. Plaintiff now moves for a total of $5,337.00 in attorney's fees and costs under 28 U.S.C. § 2412, the Equal Access to Justice Act ("EAJA"), requesting compensation for 29.65 attorney hours at an hourly rate of $180.00 and $32.00 in out-of-pocket expenses. ECF No. 14. The Commissioner filed a timely response, stating no objections to Plaintiff's amended motion. ECF No. 15.

---

[1] On February 14, 2013, Carolyn W. Colvin became the Acting Commissioner of Social Security. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Carolyn W. Colvin has been substituted for Commissioner Michael J. Astrue as the defendant in this suit.

## II. <u>Applicable Law</u>:

Pursuant to 28 U.S.C. § 2412(d)(1)(A), the court must award attorney's fees to a prevailing social security claimant unless the Commissioner's position in denying benefits was substantially justified. The burden is on the Commissioner to show substantial justification for the government's denial of benefits. *Jackson v. Bowen*, 807 F.2d 127, 128 (8th Cir. 1986). After reviewing the case, the undersigned finds that Plaintiff is a prevailing party in this matter. Under *Shalala v. Schaefer*, 509 U.S. 292, 302 (1993), a social security claimant who obtains a sentence-four judgment reversing the Commissioner's denial of benefits and remanding the case for further proceedings is a prevailing party.

An award of attorney's fees under the EAJA is appropriate even though at the conclusion of the case, Plaintiff's attorney may be authorized to charge and collect a fee pursuant to 42 U.S.C. § 406(b)(1). Recovery of attorney's fees under both the EAJA and 42 U.S.C. § 406(b)(1) was specifically allowed when Congress amended the EAJA in 1985. *Gisbrecht v. Barnhart,* 535 U.S. 789, 796, 122 S.Ct. 1817, 1822, 152 L.Ed.2d 996 (2002), citing Pub.L. 99-80, § 3, 99 Stat. 186 (1985).

> To permit a fee award under the EAJA, assuming, of course, that the necessary standard is met, in addition to that allowed by the district court out of a claimant's past-due benefits does no more than reimburse the claimant for his or her expenses and results in no windfall for the attorney.

*Meyers v. Heckler,* 625 F.Supp. 228, 231 (S.D.Ohio 1985). Furthermore, awarding fees under both acts facilitates the purpose of the EAJA, which is to shift to the United States the prevailing party's litigation expenses incurred while contesting unreasonable government action. *Id. See also Cornella v. Schweiker,* 728 F.2d 978 (8th Cir.1984).

The EAJA further requires an attorney seeking fees to submit "an itemized statement...stating the actual time expended and the rate at which fees and other expenses were computed." 28 U.S.C. § 2412(d)(1)(B). Attorneys seeking fees under federal fee-shifting statutes such as the EAJA are required to present fee applications with "contemporaneous time records of hours worked and rates claimed, plus a detailed description of the subject matter of the work." *Id.* Where documentation is inadequate, the court may reduce the award accordingly. *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983).

In determining a reasonable attorney's fee, the court will in each case consider the following factors: time and labor required; the difficulty of questions involved; the skill required to handle the problems presented; the attorney's experience, ability, and reputation; the benefits resulting to the client from the services; the customary fee for similar services; the contingency or certainty of compensation; the results obtained; and the amount involved. *Allen v. Heckler,* 588 F.Supp. 1247 (W.D.N.Y. 1984). The district court is "in the best position to evaluate counsel's services and fee request, particularly when the court has had the opportunity to observe firsthand counsel's representation on the substantive aspects of the disability claim." *Hickey v. Secretary of HHS,* 923 F.2d 585, 586 (8th Cir. 1991) (quoting *Cotter v. Bowen,* 879 F.2d 359, 361 (8th Cir. 1989)). The court can determine the reasonableness and accuracy of a fee request, even in the absence of an objection by the Commissioner. *See Decker v. Sullivan,* 976 F.2d 456, 459 (8th Cir. 1992) ("Although the issue was not raised on appeal, fairness to the parties requires an accurately calculated attorney's fee award.").

*The Contract with America Advancement Act of 1996*, passed on March 29, 1996, amended the EAJA and increased the statutory ceiling for the EAJA fee awards from $75.00 to

AO72A
(Rev. 8/82)

$125.00 per hour. *See* 28 U.S.C. § 2 412(d)(2)(A). Attorney's fees may not be awarded in excess of $125.00 per hour, the maximum statutory rate under § 2412(d)(2)(A), unless the court finds that an increase in the cost of living or a special factor such as the limited availability of qualified attorneys justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A). The decision to increase the hourly rate is not automatic and remains at the discretion of the district court. *McNulty v. Sullivan*, 886 F.2d 1074 (8th Cir. 1989). In *Johnson v. Sullivan*, 919 F.2d 503 (8th Cir. 1990), the court stated that the hourly rate may be increased when there is "uncontested proof of an increase in the cost of living sufficient to justify hourly attorney's fees of more than $75.00 an hour," such as a copy of the Consumer Price Index ("CPI").

In this instance, counsel requests attorney's fees at an hourly rate of $180.00 for work performed in 2012 and 2013. ECF No. 14, at 2-4. Counsel attached a copy of the CPI South for all urban consumers as evidence that this rate is a proper reflection of the cost of living. ECF No. 14, Ex. A. Counsel's requested rate is consistent with Amended General Order 39, which sets forth the maximum hourly rate for EAJA fees in the Western District of Arkansas. Accordingly, the undersigned finds that counsel is entitled to an hourly rate of $180.00 for work performed in 2012 and 2013.

### III. Discussion:

The court next addresses the number of hours Plaintiff's counsel claims she spent working on this case. Counsel requests a total of 29.65 attorney hours for work performed in 2012 and 2013. ECF No. 14, Ex. D. The undersigned finds that counsel's requested time is reasonable and will award the full 29.65 hours. Accordingly, the court finds that Plaintiff is entitled to 29.65 attorney hours at an hourly rate of $180.00.

Counsel also seeks reimbursement for $32.00 in out-of-pocket expenses incurred with regard to postage, certified mail, and PACER charges. ECF No. 14, Ex. E. Such expenses are recoverable under the EAJA and the undersigned finds $32.00 to be a reasonable award. 28 U.S.C. §§ 2412(a)(1), (d)(1)(A), (d)(2); *Kelly v. Bowen*, 862 F.2d 1333, 1335 (8th Cir. 1988) (allowing recovery of out-of-pocket expenses for telephone calls, postage, air courier costs, and travel expenses).

IV. **Conclusion:**

Based on the above, the court awards Plaintiff fees under the EAJA for 29.65 attorney hours at an hourly rate of $180.00, for a total attorney's fee award of $5,337.00, plus $32.00 in out-of-pocket expenses. This amount should be paid in addition to, and not out of, any past due benefits which Plaintiff may be awarded in the future. Further, this award should be made payable directly to Plaintiff, but may be properly mailed to Plaintiff's attorney.[2] The parties are reminded that the award under the EAJA will be taken into account at such time as a reasonable fee is determined pursuant to 42 U.S.C. § 406, in order to prevent double recovery by counsel for the Plaintiff.

IT IS SO ORDERED this 6th day of August 2013.

/s/ *J. Marschewski*
HONORABLE JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE

---

[2] On June 14, 2010, the Supreme Court overturned *Ratliff v. Astrue*, 540 F.3d 800, 802 (8th Cir. 2008), and held that an EAJA fee award is payable to the prevailing litigant, not the prevailing litigant's attorney. *Astrue v. Ratliff*, 130 S.Ct. 2521, 2252-2253 (2010). Therefore, any EAJA fee awarded by this court should be payable directly to Plaintiff, but may be properly mailed to Plaintiff's attorney.

AO72A
(Rev. 8/82)